# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MARCUS S. MAYS #218101,

    Plaintiff,

v.                                      Case No. 2:17-CV-95

UNKNOWN PERALA,                HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Marcus D. Mays, a prisoner with the Michigan Department of Corrections (MDOC), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was detained at Baraga Correctional Facility (AMF), Defendant Perala: (1) used excessive force against him, in violation of the Eighth Amendment; (2) acted with deliberate indifference towards his serious medical needs, in violation of the Eighth Amendment; and (3) retaliated against him for filing federal lawsuits, in violation of the First Amendment. Defendant Perala filed a motion for summary judgment, arguing that the factual findings by the hearing officer in Mays's Class I misconduct hearing preclude Mays's excessive force claim; that there is no genuine issue of material fact relating to the subjective component of Mays's deliberate indifference claim; and that, consequently, there is no genuine issue of material fact relating to Mays's retaliation claims. (ECF No. 46.) Mays filed a response. (ECF No. 54.) On August 5, 2019, Magistrate Judge Maarten Vermaat submitted a Report and Recommendation (R & R) recommending that the Court grant Defendant Perala's motion for summary judgment. (ECF No. 61.)

Mays filed objections to the R & R.  (ECF No. 62.)  Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendant Perala's motion for summary judgment should be granted.

Mays's objections to the R & R are nearly illegible, but from what the Court can gather, the objections reiterate Mays's arguments advanced in his response to Defendant Perala's motion for summary judgment.  Having reviewed Mays's arguments and the analysis in the R & R, the Court agrees with the magistrate judge that summary judgment is proper.

First, Mays's Class I misconduct hearing precludes his excessive force claim.  As the magistrate judge pointed out, the Sixth Circuit's decision in *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), held that MDOC hearings are given preclusive effect in federal court if: (1) the hearing officer was acting in a judicial capacity; (2) the hearing officer resolved a disputed issue of fact that was properly before him or her; (3) the prisoner had a sufficient opportunity to litigate the issue; and (4) the findings of fact would be given preclusive effect by the Michigan courts. *Id*. at 912-14.  A Class I misconduct hearing satisfies the first and last criteria so long as the other two criteria are satisfied.  In this case, the hearing officer was presented with both Mays's and Perala's version of events and found Perala's version of events credible.  Thus, the finding that Perala did not slam Mays's arm in the food tray slot precludes Mays's excessive force claim.

Second, the magistrate judge correctly determined that Mays's allegations with regard to his deliberate indifference claim do not satisfy the subjective component of his claim. Mays alleged that Perala did not call for a doctor despite Mays stating that he felt a seizure coming on. The Court agrees with the magistrate judge that Perala's behavior, as alleged by Mays, merely raises an inference that Perala disbelieved Mays. *See Bails v. Michigan Dep't of Corr.*, No. 2:09-CV-53, 2009 WL 910768, at *3 (W.D. Mich. Apr. 2, 2009) (dismissing the plaintiff's case for failure to state a claim because the defendant's refusal to alert medical professionals did not support an inference of deliberate indifference, but rather an inference that the defendant disbelieved the plaintiff).

Finally, because Mays's retaliation claims are based on the same factual allegations as his other two claims, his retaliation claims also fail.

Therefore, for the foregoing reasons, the August 5, 2019, Report and Recommendation (ECF No. 61) is **adopted** as the Opinion of the Court**.** Defendant Perala's motion for summary judgment (ECF No. 46) is **granted.** Plaintiff's claims are **dismissed with prejudice.** This case is **concluded.** A separate judgment will enter.

**IT IS SO ORDERED.**

Dated: September 23, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE